**Nancy Jerusa BOSIBORI, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73217.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 12, 2004.

Decided May 14, 2004.

Robert L. Lewis, Law Office of Robert L. Lewis, Oakland, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Richard M. Evans, Esq., Carol Federighi, Marion E. Guyton, Attorney, Christopher C. Fuller, Brenda M. O'Malley, U.S. Department Of Justice, Pennsylvania Ave., N.W., for Respondent.

Before: T.G. NELSON, W. FLETCHER, and BERZON, Circuit Judges.

## MEMORANDUM *

Nancy Jerusa Bosibori petitions for review of the Board of Immigration Appeals' (BIA's) affirmance, using the streamlining procedure, of the Immigration Judge's (IJ's) denial of her request for asylum and withholding of removal. We grant the petition based on her asylum claim. We deny it as to withholding of removal. Moreover, we reject her due process challenge to the streamlining procedures.

In light of Bosibori's credible testimony[1] —both written and oral—and extensive supporting documentation, we conclude that any reasonable fact-finder would be compelled to find that she suffered past persecution on account of her membership in a particular social group, the Kisii tribe.[2] Although she did not establish that tribal animus motivated the break-in, she provided sufficient evidence that tribal animus motivated the attack on her and her family while they traveled through Masai-controlled territory. Bosibori provided credible testimony that tribal animus caused the subsequent surveillance of herself and her family: She testified that the surveillance began after the family reported the attack to police and that the Masai particularly dislike members of other tribes who report on them.[3] Finally, through her tes-

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The IJ found Bosibori's testimony to be credible. Thus, we credit it as well. *See Singh v. Ilchert,* 63 F.3d 1501, 1506 (9th Cir. 1995).

2. *Li v. Ashcroft,* 356 F.3d 1153, 1157 (9th Cir.2004).

3. *See Chouchkov v. INS,* 220 F.3d 1077, 1083 (9th Cir.2000) (explaining that temporal proximity between the alien's political activities and incidents of persecution suggests that the incidents were not coincidental).

timony and supporting documentation, Bosibori established that the government of Kenya is unwilling or unable to control tribal violence of the kind to which she was subjected.[4] We therefore conclude that Bosibori suffered past persecution.

Bosibori also established that she has a well-founded fear of future persecution.[5] There is no dispute that Bosibori established the requisite subjective fear through her credible testimony.[6] She established the existence of the requisite objective fear through her testimony about the persecution she endured and about her sister's murder, as well as through the documentary evidence she presented, including the State Department report. Any reasonable fact-finder would be compelled to conclude that Bosibori has a well-founded fear of future persecution.[7] Accordingly, we grant the petition as to Bosibori's asylum claim, vacate the BIA's denial of asylum, and remand to the Attorney General to exercise his discretion whether to grant asylum.

As counsel conceded at oral argument, Bosibori's due process challenge to the BIA's streamlining procedure was resolved by *Falcon Carriche v. Ashcroft.*[8] Moreover, we conclude that Bosibori did not satisfy the standard for withholding of deportation.[9] Accordingly, we deny the petition as to those two claims.

PETITION GRANTED IN PART AND DENIED IN PART AND REMANDED.

---

4. *Avetova–Elisseva v. INS,* 213 F.3d 1192, 1196 (9th Cir.2000).

5. *See id.* at 1195–96.

6. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir.2003).

